IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERNON MONTGOMERY,              )
                                )
           Plaintiff,           )
                                )
      v.                        )   C.A. No. 19-2023 (MN)
                                )
OFFICER LOCKWOOD, et al.,       )
                                )
           Defendants.          )

**MEMORANDUM OPINION**

Vernon Montgomery, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

February 18, 2019
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

I.     **INTRODUCTION**

Plaintiff Vernon Montgomery ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 8). Plaintiff has also filed a motion for injunctive relief (D.I. 4; D.I. 9) and a motion for subpoena duces tecum (D.I. 7). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II.    **BACKGROUND**

Plaintiff filed a motion for leave to amend on October 30, 2016, with an attached proposed amended complaint. (D.I. 6). The proposed amended complaint adds more information. The motion will be granted, and the Court will order the Clerk of Court to docket the amended complaint. The Court considers the Amended Complaint as the operative pleading. Throughout this Memorandum Opinion it will be cited to as "D.I. 6-1."

Plaintiff alleges that on September 3, 2019, he asked Defendant Officer Courtney ("Courtney") "to get mental health because [he] was feeling homicidal." (D.I. 6-1 at 5). Courtney told Plaintiff to "cuff up" to talk to mental health and, Plaintiff, knowing that he was about to be moved, began packing things on his bed. (*Id.*). Courtney screamed at Plaintiff, the cell food tray slot opened, and Defendant Officer Lockwood ("Lockwood") sprayed Plaintiff in the face with CapStun. (*Id.*) Plaintiff alleges that Courtney told Lockwood to spray Plaintiff. (*Id.* at 6). Plaintiff informed the officers that the last officer to spray him without provocation was fired and Courtney

---

[1]     When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

replied, "so what." (*Id*. at 5). Plaintiff alleges Lockwood used excessive force and also violated D.O.C. use of force policy 8.30. (*Id*. at 6).

Plaintiff was transferred to Washington, D.C. for a hearing and filed a grievance when he returned. The grievance was returned unprocessed as a "staff issue." (*Id.* at 5-6). Plaintiff complains there is no appeal mechanism for staff issues and this constitutes "deliberate indifference" on behalf of the Delaware Department of Correction ("DOC") and Defendants Warden Dana Metzger ("Metzger") and Deputy Warden Hollingsworth ("Hollingsworth") who are sued in their individual and official capacities under a respondeat superior theory. (*Id*. at 6-7). Plaintiff alleges the grievance policy on staff issues violates his right to due process. (*Id*. at 7).

He seeks injunctive relief and compensatory damages.

### III. <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF*

*Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff has alleged what appear to be cognizable and non-frivolous excessive force claims against Lockwood and Courtney. Plaintiff will be allowed to proceed against Lockwood and Courtney.

### A. Respondeat Superior

Plaintiff is clear that he names Metzger and Hollingsworth as defendants in their supervisory positions under a theory of respondeat superior. Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. That is to say, a defendant is "liable only for [his] own unconstitutional

4

conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). Hence, respondeat superior cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

"'[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

It seems that Plaintiff seeks to hold Metzger and Hollingworth liable based upon the DOC policy that "staff issue" grievances are returned non-processed with no right of appeal. Plaintiff's claim fails, however, because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). The denial of grievance does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729). Plaintiff has done just that. He alleges that Lockwood and Courtney used excessive force in September 2019.

5

Plaintiff states non-cognizable and frivolous claims against Metzger and Hollingsworth. Therefore, the Court will dismiss the claims against them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.     Eleventh Amendment**

The DOC is an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the DOC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the Court will dismiss the claims against the DOC pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

**C.     Injunctive Relief**

Plaintiff seeks preliminary and permanent injunctive relief to allow inmates to submit grievances and require the DOC to process inmate complaints against staff. (D.I. 4). A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in

the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

To support his motion, Plaintiff provided a grievance he submitted complaining he was assaulted by corrections staff and the informal resolution indicating it was returned unprocessed as a staff issue. (D.I. 3-1 at 3). In seeking injunctive relief, Plaintiff omits that for staff issues, in most cases, the avenue of relief to request an investigation of actions of security staff personnel is to write to the Unit Commander. (*Id.* at 7). If an inmate is dissatisfied with the response from the Unit Commander, then the inmate may appeal that decision to the operations superintendent and ultimately to the warden. (*Id.*). Nor did Plaintiff refer to the fact that his grievance was referred to the Unit Commander as a staff issue. (*Id.* at 5).

Plaintiff has failed to show a likelihood of success on the merits and has failed to demonstrate irreparable harm. Therefore, the Court will deny the motion. (D.I. 4). In addition, the Court will dismiss that portion of the prayer for relief that seeks injunctive relief on the same issue.

### D. Video Camera Footage

Plaintiff has filed a motion for subpoena duces tecum. (D.I. 7). What he asks, however, is that the DOC be required to preserve video camera footage of the September 3, 2019 incident. The Court construes the filing as a motion to preserve evidence.

A party who is aware that evidence might be relevant to a pending or future litigation has an affirmative duty to preserve this material. *See Howell v. Maytag*, 168 F.R.D. 502, 505 (M.D. Pa. 1996) (citing *Baliotis v. McNeil*, 870 F. Supp. 1285, 1290 (M.D. Pa. 1994) (stating that a duty to preserve evidence, independent from a court order to preserve evidence, arises where there is knowledge by the plaintiff of the existence or likelihood of litigation)); *accord Telecom Intn'l Am., Ltd. v. AT & T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999) (citing, *inter alia*, *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) ("the duty to preserve material evidence arises not only during litigation but also extends to that period before litigation when a party should have known that the evidence may be relevant to future litigation.")).

Here, Plaintiff filed grievances and his complaint regarding staff assault was investigated. Hence, it is reasonable to assume that the DOC and its employees had notice of this potential litigation. Therefore, the Court will grant the motion for the DOC and its employees (including Defendants) to preserve video footage at issue to the extent that it exists.

### V. <u>CONCLUSION</u>

For the above reasons, the Court will: (1) grant Plaintiff's motion for leave to amend his complaint (D.I. 6); (2) order the Clerk of Court to docket the proposed amended complaint (D.I. 6-1) as the Amended Complaint; (3) deny Plaintiff's motion for injunctive relief (D.I. 4) and dismiss that portion of the prayer for relief that seeks injunctive relief on the same issue; (5) grant Plaintiff's motion to preserve evidence and order that the DOC and its employees (including

Defendants) shall preserve the September 3, 2019 video footage of the incident at issue to the extent that it exists; (6) allow Plaintiff to proceed on the excessive force claims against Officer Lockwood and Officer Courtney; and (7) dismiss Defendants Delaware Department of Correction, Warden Dana Metzger, and Deputy Warden Hollingsworth pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2) as the claims are frivolous and the Department of Correction is immune from suit.

    An appropriate Order will be entered.